IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THE HANOVER INSURANCE COMPANY,    )
                                  )
                Plaintiff,        )
                                  )
        v.                        )        1:18CV1018
                                  )
BLUE RIDGE PROPERTY               )
MANAGEMENT, LLC,                  )
                                  )
                Defendant.        )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Plaintiff The Hanover Insurance Company ("Hanover") brings a claim for declaratory relief and a money judgment against Defendant Blue Ridge Property Management, LLC ("Blue Ridge"). (Doc. 11.) Plaintiff has filed a Motion for Partial Summary Judgment, (Doc. 48). Defendant has filed a Motion for Partial Summary Judgment on Plaintiff's Duty-to-Defend Claim, (Doc. 51), and a Motion to Stay or Dismiss Plaintiff's Indemnity Claim, (Doc. 52). For the reasons set forth below, the court will deny Plaintiff's motion, and will grant Defendant's motion for partial summary judgment on Plaintiff's duty to defend claim, and Defendant's motion to stay or dismiss Plaintiff's indemnity claim.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Background

#### 1.  Parties

Plaintiff Hanover is a corporation organized under the laws of New Hampshire with its principal place of business in Massachusetts. (Am. Complaint for Declaratory Judgment and Money Judgment ("Am. Compl.") (Doc. 11) ¶ 9.) Defendant Blue Ridge is a limited liability company organized under the laws of North Carolina, and both of its members are citizens of North Carolina. (Id. ¶ 10.); See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members.").

#### 2.  The Insurance Policy

Hanover insured Blue Ridge under insurance policy no. LH6 A7180504 02 for the period between August 30, 2017, and August 30, 2018 (the "Insurance Policy"). (Hanover Insurance Policy (Doc. 11-2) at 1.)

The Insurance Policy provides that it does not apply to claims "arising out of . . . unfair or deceptive trade

-2-

practices, including but not limited to, violations of any local, state or federal consumer protection laws." (Id. at 9.)[1]

### 3. The Underlying Lawsuit

On July 16, 2018, Elizabeth McMillan and Tiffany Scott, individually and on behalf of class members defined therein, filed a class action suit in the General Court of Justice for Cumberland County, North Carolina (the "Underlying Lawsuit"). (Doc. 11-1.)

Those plaintiffs allege Blue Ridge engaged in practices such as charging tenants unlawful fees, attempting to collect on outstanding balances without going through the required procedures, and refusing to review whether any fees were improperly assessed. (Id. ¶¶ 28-60.) They allege Blue Ridge violated the North Carolina Residential Rental Agreements Act, and the North Carolina Debt Collection Act.[2] (Id. ¶¶ 65-98.) Those plaintiffs sought an injunction and declaratory judgment, as well as money damages. (Id. at 28.)

---

[1] All citations in this Memorandum Opinion Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

[2] The Underlying Lawsuit also originally included a claim under the North Carolina Unfair and Deceptive Trade Practices Act, but that claim has been dismissed in the Underlying Lawsuit. (Doc. 54-2 at 6.)

-3-

Blue Ridge requested coverage from Hanover for the Underlying Lawsuit, and Hanover defended Blue Ridge subject to a reservation of rights. (Am. Compl. (Doc. 11) ¶ 33; Docs. 59-2, 59-5.) A separate insurance company, Seneca Insurance Company, took over Blue Ridge's defense on July 19, 2019. (Doc. 53-1 at 2-3.) Indeed, it appears Seneca provides primary coverage for Defendant, (Doc. 53-2 at 104), whereas Hanover's coverage was surplus, (Doc. 11-2 at 12). At this time, Hanover is no longer defending Defendant.

### B.   Procedural Background

On December 13, 2018, Hanover filed a declaratory action in this court asking this court to declare that Hanover has no duty to defend or indemnify Blue Ridge in connection with the Underlying Lawsuit, and that Blue Ridge is obligated to reimburse Hanover for all claim expenses Hanover has paid on behalf of Blue Ridge in connection with the Underlying Lawsuit. (Am. Compl. (Doc. 11) ¶ 39.) Hanover filed a Motion for Partial Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c), (Doc. 24), which this court denied as moot on January 9, 2020. (Minute Entry 01/09/2020.) Hanover filed a Motion for Partial Summary Judgment pursuant to Fed. R. Civ. P. 56 with respect to its declaratory action on its duty to defend and indemnify Blue Ridge, (Doc. 48), and a supporting brief, (Pl.'s Opening Brief

-4-

in Supp. of Mot. for Partial Summ. J. ("Pl.'s Br.") (Doc. 49)).
Blue Ridge responded, (Doc. 58), and Hanover replied, (Doc. 60).

Blue Ridge cross-filed a motion for partial summary
judgment on Hanover's duty to defend, (Doc. 51), and a motion to
stay or dismiss Hanover's duty to indemnify claim, (Doc. 52),
and a brief in support of both motions, (Def.'s Br. (Doc. 54)).
Hanover responded, (Pl.'s Resp. (Doc. 59)), and Blue Ridge
replied, (Def.'s Resp. (Doc. 61)).

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine
dispute as to any material fact and the movant is entitled to
judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex
Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). This court's
summary judgment inquiry is whether the evidence "is so one-
sided that one party must prevail as a matter of law." Anderson
v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The moving
party bears the initial burden of demonstrating "that there is
an absence of evidence to support the nonmoving party's case."
Celotex Corp., 477 U.S. at 325. If the "moving party discharges
its burden . . . , the nonmoving party must come forward with
specific facts showing that there is a genuine issue for trial."
McLean v. Patten Cmtys., Inc., 332 F.3d 714, 718-19 (4th Cir.
2003) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,

-5-

475 U.S. 574, 586–87 (1986)). Summary judgment should be granted "unless a reasonable jury could return a verdict in favor of the nonmovant party on the evidence presented." McLean, 332 F.3d at 719 (citing Liberty Lobby, 477 U.S. at 247–48).

When facing cross-motions for summary judgement, this court reviews "each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (citations and internal quotation marks omitted). "When considering each individual motion, the court must take care to resolve all factual disputes and any competing, rational inferences in the light most favorable to the party opposing that motion." Id. (citation and internal quotation marks omitted).

Hanover and Blue Ridge seem to agree that North Carolina law governs the Insurance Policy.[3] (Compare Pl.'s Br. (Doc. 25) at 15 n.2, with Def.'s Resp. (Doc. 28) at 6, 15.) The court will therefore apply North Carolina law in this analysis.

---

[3] The Insurance Policy itself also references North Carolina law. It includes a page titled "North Carolina Miscellaneous Professional Liability Amendatory Endorsement." (Hanover Policy (Doc. 11-2) at 18.)

-6-

III. **ANALYSIS**

Because Defendant's motions present dispositive jurisdictional issues, the court will address those first.

A. **Defendant's Motion for Summary Judgment on Hanover's Duty to Defend**

Defendant Blue Ridge moves for partial summary judgment on Hanover's duty to defend claims. (Doc. 51.) Blue Ridge raises two arguments: (1) that Hanover's duty to defend claims are moot because Seneca has taken over Blue Ridge's defense; and (2) that Hanover has no right to seek reimbursement of any expenses associated with its defense of Blue Ridge. (Def.'s Br. (Doc. 54) at 9, 12.) If Hanover were to prevail on its duty to defend claim, none of the underlying claims would be covered. (See Pl.'s Br. (Doc. 49) at 17–18.)

The court will first address Defendant's argument that Hanover may not seek reimbursement of defense costs regardless of its defense duties, and then will address Defendant's argument that Plaintiff's duty to defend claims are moot.

1. **Right to Seek Reimbursement**

Blue Ridge argues that Hanover may not seek reimbursement of defense costs regardless of whether it had a duty to defend. (Def.'s Br. (Doc. 54) at 12.) It argues that there is no provision in the Insurance Policy that would allow Hanover to

-7-

recover those costs. (Id.) Defendant further argues that Fourth Circuit precedent bars reimbursement of defense costs regardless of whether the insurance company had a duty to defend or not. (Id.)

There is no provision in the Insurance Policy providing for recoupment of defense costs. But Plaintiff's Reservation of Rights Letter plainly states that "Hanover specifically reserves its right to seek reimbursement for any uncovered defense and loss payments made by Hanover on this claim." (Doc. 59-2 at 7.)

Hanover argues that Blue Ridge will be unjustly enriched if Hanover is not permitted to recoup its expenditures advanced for claims it had no duty to defend. (Pl.'s Resp. (Doc. 59) at 12.) Hanover also argues that prohibiting the recoupment defense costs here would undermine public policy, because such an outcome would encourage insurers to deny coverage rather than defending and paying defense costs until a determination of the duty to defend is made. (Id. at 15.)

There are no North Carolina state court cases on point, therefore, this court must predict how the Supreme Court of North Carolina would rule on this issue. See Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of S.C., 433 F.3d 365, 369 (4th Cir. 2005). In doing so, the court must look first to opinions of the Supreme Court of North Carolina. See Stahle v.

-8-

CTS Corp., 817 F.3d 96, 100 (4th Cir. 2016). If there are no governing opinions from that court, this court may consider the opinions of North Carolina Court of Appeals, treatises, and "the practices of other states." Twin City Fire Ins., 433 F.3d at 369 (quotation and citation omitted). In doing so, this court "should not create or expand a [s]tate's public policy." Time Warner Entm't-Advance/Newhouse P'ship v. Carteret-Craven Elec. Membership Corp., 506 F.3d 304, 314 (4th Cir. 2007) (alteration and quotation omitted); see Wade v. Danek Med., Inc., 182 F.3d 281, 286 (4th Cir. 1999).

The court would begin by examining North Carolina Supreme Court cases, but, as noted, it appears that there are no North Carolina Supreme Court or Court of Appeals cases on point. See Van Laningham v. Allied Ins., No. 1:16CV948, 2020 WL 3470254, at *3 (M.D.N.C. June 25, 2020), appeal docketed sub nom. R. Van Laningham v. Travelers Cas. Ins., No. 20-1806 (4th Cir. July 24, 2020) (declining to award reimbursement of expenditures after finding no duty to defend because the "Court has been unable to locate a North Carolina case or statute which would support awarding an insurance company fees for defending its insured subject to a reservation of rights").

Turning to cases from other jurisdictions, the court observes that there is a circuit split concerning recoupment of

defense costs. The Fourth Circuit, applying Maryland law, held that the insurance company could not seek reimbursement of defense costs allocated to certain claims even after it was determined that the insurer had no duty to indemnify the plaintiff for those claims and despite the insurer including a right to reimbursement for defense costs expended on non-covered claims in its reservation of rights. Perdue Farms, Inc. v. Travelers Cas. & Surety Co. of America, 448 F.3d 252, 255, 258 (4th Cir. 2006). The Fourth Circuit observed that Maryland state courts had not addressed the issue of reimbursement. Id. at 257-58. Analyzing Maryland law, the Fourth Circuit noted that Maryland's duty to defend is broader than the duty to indemnify, and "if an insurance policy potentially covers any claim in an underlying complaint, the insurer . . . must typically defend the entire suit, including non-covered claims." Id. at 258 (citing Montgomery Cty. Bd. of Educ. v. Horace Mann Ins. Co., 154 Md. App. 502, 840 A.2d 220, 226 (Md. Ct. Spec. App. 2003); Utica Mut. Ins. Co. v. Miller, 130 Md. App. 373, 746 A.2d 935, 940 (Md. Ct. Spec. App. 2000)). Turning to the issue of reimbursement, the court reasoned that such "partial right of reimbursement would . . . serve only as a backdoor narrowing of the duty to defend, and would appreciably erode Maryland's long-held view that the duty to defend is broader than the duty to

-10-

indemnify," as well as "undermine the bargain that Maryland courts describe insurers reaching with their insureds." Id. at 258. The Fourth Circuit reached its decision to not allow the partial reimbursement primarily based upon the principles behind the duty to defend.

In contrast, the Sixth Circuit, in Travelers Property Casualty Co. of America v. Hillerich & Bradsby Co., 598 F.3d 257, 267 (6th Cir. 2010), applying Kentucky law, observed that "[m]ost jurisdictions allow for the insurer to seek reimbursement of defense costs if it is later determined that the insurer owed no duty to defend," and held that the insurance company could seek reimbursement. Id. at 267, 269.

Blue Ridge points to Perdue along with four other cases,[4] for support. (Def.'s Br. (Doc. 54) at 14.)

In rebuttal, Hanover relies on Travelers, 598 F.3d at 267, and Illinois Union Insurance Co. v. NRI Construction Inc., 846 F. Supp. 2d 1366, 1374 (N.D. Ga. 2012), both of which observe that the "majority view" allows for recoupment of defense costs when "the insurer (1) timely and explicitly reserves its right

---

[4] CAMICO Mut. Ins. Co. v. Heffler, Radetich & Saitta, L.L.P., 587 F. App'x 726, 730 (3d Cir. 2014); Austin v. Inv'rs Title Ins. Co., Case No. 9:09-cv-01702-RMG, 2010 WL 11561161, at *7 (D.S.C. Dec. 9, 2010); Zurich Am. Ins. Co. v. Pub. Storage, 743 F. Supp. 2d 548, 550-51 & n.5 (E.D. Va. 2010); Selective Ins. Co. of Am. v. Smiley Body Shop, Inc., 260 F. Supp. 3d 1023, 1033 (S.D. Ind. 2017).

-11-

to recoup the costs; and (2) provides specific and adequate notice of the possibility of reimbursement." Illinois Union Ins., 846 F. Supp. 2d at 1374; see Travelers, 598 F.3d at 268.

The court finds Perdue persuasive, given Maryland insurance law is nearly identical to North Carolina insurance law in relevant part. Like Maryland, under North Carolina law, "[a]n insurer's duty to defend is ordinarily measured by the facts as alleged in the pleadings." Harleysville Mut. Ins. Co. v. Buzz Off Insect Shield, L.L.C., 364 N.C. 1, 6, 692 S.E.2d 605, 610 (2010) (quoting Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co., 315 N.C. 688, 691, 340 S.E.2d 374, 377 (1986)). And, also like Maryland, "[g]enerally speaking, the insurer's duty to defend the insured is broader than its [duty to indemnify]," under North Carolina law. Id. (quoting Waste Mgmt., 315 N.C. at 391, 340 S.E.2d at 377). Further, in North Carolina, "[a] contractual duty to defend is triggered even when a complaint includes a 'hybrid of covered and excluded events,'" Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc., 932 F.3d 268, 274 (4th Cir. 2019) (quoting Kubit v. MAG Mut. Ins. Co., 210 N.C. App. 273, 278, 708 S.E.2d 138, 144-45 (2011) (quoting Waste Mgmt., 315 N.C. at 691 n.2, 340 S.E.2d at 377 n.2)), which encompasses the same principle concerning covered and noncovered claims as Maryland's duty to defend. The court finds Maryland and North

-12-

Carolina insurance law sufficiently similar such that <u>Perdue</u> may be applied here. <u>See also</u> <u>Austin v. Inv'rs Title Ins. Co.</u>, Case No. 9:09-cv-01702-RMG, 2010 WL 11561161, at *6-7 (D.S.C. Dec. 9, 2010) (finding <u>Perdue</u> applied to prevent reimbursement under South Carolina law).

Regarding the circuit split on the right to reimbursement, without further guidance from North Carolina courts, the court finds the Fourth Circuit's analysis in <u>Perdue</u> more persuasive; the Fourth Circuit's holding is less likely to "create or expand [North Carolina]'s public policy." <u>Time Warner</u>, 506 F.3d at 314. Thus, regardless of whether Plaintiff has a duty to defend, Plaintiff "is not entitled to recover the litigation costs already expended to defend those claims." <u>Zurich Am. Ins. Co. v. Pub. Storage</u>, 743 F. Supp. 2d 548, 551 (E.D. Va. 2010). Doing so would be a "back door" to narrowing the duty to defend; thus, following the Fourth Circuit's approach alters North Carolina public policy the least, by both avoiding an expansion or a winnowing of North Carolina public policy.

The court agrees with Blue Ridge that, regardless of whether Hanover had a duty to defend, Hanover "is not entitled to recover the litigation costs already expended[.]" <u>Id.</u>

The court recognizes that, if the court were to grant Hanover's motion as to its duty to defend, there would be no

-13-

remaining underlying claims covered by the Insurance Policy,
(see Pl.'s Br. (Doc. 49) at 17–18), and that this is a factual
difference from the facts at issue in Perdue. The Fourth
Circuit, in an unpublished opinion apply Maryland law, addressed
a request for reimbursement when no underlying claims were
covered. Am. Modern Home Ins. Co. v. Reeds at Bayview Mobile
Home Park, LLC, 176 F. App'x 363, 365 (4th Cir. 2006). The
Fourth Circuit denied the request, stating

> Neither the policy nor the endorsements contains any
> provision that gives American Modern a right to
> reimbursement for settlement payments made in cases in
> which there is no coverage, and the parks never agreed
> to grant American Modern any such right in the
> correspondence that preceded American Modern's
> contribution. Nevertheless, American Modern asks the
> court to hold that it has right to reimbursement. As
> proof of the existence of its right to reimbursement,
> American Modern principally relies upon its repeated
> reservation of that right.
>
> Because neither the policy nor any subsequent
> agreement between American Modern and its insureds
> grants American Modern a right to reimbursement, we
> cannot conclude that American Modern has such a right.
> American Modern's repeated reservation of its asserted
> right to reimbursement is entirely inconsequential.
> Assiduous reservation of a non-existent right does not
> bring that right into existence.

Id. at 367 (emphasis added); see also Van Laningham, 2020 WL
3470254, at *3 (declining to award reimbursement of expenditures
after finding no duty to defend because "Court has been unable
to locate a North Carolina case or statute which would support

-14-

awarding an insurance company fees for defending its insured subject to a reservation of rights"). The court therefore finds Hanover's attempt at distinguishing the facts here from those in Perdue on the basis of whether all claims would be uncovered unpersuasive.

Turning to Hanover's argument concerning unjust enrichment, this argument is without merit given the parties have an explicit contract. In North Carolina, for a plaintiff to establish a claim for unjust enrichment, "a party must have conferred a benefit on the other party. The benefit must not have been conferred officiously, that is it must not be conferred by an interference in the affairs of the other party in a manner that is not justified in the circumstances." Booe v. Shadrick, 322 N.C. 567, 570, 369 S.E.2d 554, 556 (1988). But "[i]f there is a contract between the parties the contract governs the claim and the law will not imply a contract." Id. Here, the Insurance Policy "governs the claim" and it does not provide for reimbursement; Hanover's unjust enrichment argument is unpersuasive.

Finally, Hanover argues a "per se rule against recoupment when no duty to defend exists undermines sound public policy," because insurers will be incentivized to deny coverage, "rather than defending and paying defense

-15-

costs until a court made a judicial determination of no coverage." (Pl.'s Resp. (Doc. 59) at 15.) Regardless of what the court thinks is the most appropriate public policy, it is not this court's role to decide public policy for the state of North Carolina. "[P]ublic policy is for legislative determination." Pitt & Greene Elec. Membership Corp. v. Carolina Power & Light Co., 255 N.C. 258, 265, 120 S.E.2d 749, 754 (1961). In the absence of any clear support to extend the law to permit extra-contractual recovery, the court finds Hanover's claim for reimbursement should be dismissed.

Having made this determination, the court will now consider whether Hanover's duty to defend claim is moot.

### 2. Mootness

Blue Ridge argues that, because Hanover is no longer defending Blue Ridge, Hanover's duty to defend claim is moot. (Def.'s Br. (Doc. 54) at 9.) Blue Ridge submits documentation from Seneca, another insurance carrier, confirming its agreement to take over the defense of Blue Ridge as of July 19, 2019. (See Doc. 53-1 at 2.)

Federal courts sitting in diversity may enter declaratory judgments pursuant to 28 U.S.C. § 2201 if three conditions are met: (1) the complaint alleges an "actual controversy" between

-16-

the parties "of sufficient immediacy and reality to warrant issuance of a declaratory judgment"; (2) the court has subject matter jurisdiction over the parties, independent of the request for declaratory relief; and (3) the court does not abuse its discretion in exercising jurisdiction. Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 592 (4th Cir. 2004). The Declaratory Judgment Act does not require courts to issue declaratory relief; "[r]ather, a district court's decision to entertain a claim for declaratory relief is discretionary." Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 421 (4th Cir. 1998) (per curiam); see also Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995).

A declaratory judgment action must satisfy the case or controversy requirement of Article III of the United States Constitution. Medimmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126–27 (2007). Thus, the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests." Id. at 127 (quoting Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240–41 (1937)). A plaintiff must "establish[] throughout all stages of litigation (1) that he is suffering an injury-in-fact or continuing collateral consequence, (2) that his injury is fairly traceable to the challenged action or decision, and (3) that a favorable decision

-17-

would be likely to redress his injury." <u>Townes v. Jarvis</u>, 577
F.3d 543, 554 (4th Cir. 2009) (footnote and citations omitted)
(emphasis removed).

"When a case or controversy ceases to exist, the litigation
is moot, and the court's subject matter jurisdiction ceases to
exist also." <u>S.C. Coastal Conservation League v. U.S. Army Corps
of Eng'rs</u>, 789 F.3d 475, 482 (4th Cir. 2015) (citing <u>Iron Arrow
Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70 (1983) (per curiam)).
"Simply stated, a case is moot when the issues presented are no
longer 'live' or the parties lack a legally cognizable interest
in the outcome." <u>Powell v. McCormack</u>, 395 U.S. 486, 496-97
(1969); <u>see also</u> <u>North Carolina v. Rice</u>, 404 U.S. 244, 246
(1971) (per curiam) ("[F]ederal courts are without power to
decide questions that cannot affect the rights of litigants in
the case before them."). "A case can become moot due either to a
change in the facts or a change in the law." <u>S.C. Coastal
Conservation League</u>, 789 F.3d at 482 (citation omitted). But in
determining whether a defendant's voluntary conduct moots a
case, the court applies the following standard: "A case might
become moot if subsequent events made it absolutely clear that
the allegedly wrongful behavior could not reasonably be expected
to recur." <u>Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.</u>

-18-

(TOC), Inc., 528 U.S. 167, 189 (2000) (quoting United States v. Concentrated Phosphate Export Ass'n, 393 U.S. 199, 203 (1968)).

Here, there has been a change in facts: Hanover has ceased defending Blue Ridge and Seneca has taken over Blue Ridge's defense.

Blue Ridge contends that, because Hanover is not defending Plaintiff, "the Court's determination as to Hanover's defense obligation will serve no useful purpose," nor will it "terminate and afford relief from any uncertainty, insecurity, or controversy." (Def.'s Br. (Doc. 54) at 11.)

Hanover argues that the court's declaratory judgment is necessary to determine whether Hanover is entitled to recover amounts it paid to defend Blue Ridge because a duty to defend never existed. (Pl.'s Resp. (Doc. 59) at 6.) Hanover also disputes Blue Ridge's assertion that Seneca has confirmed its obligation to defend Blue Ridge, pointing out that Seneca filed its own declaratory judgment action in the Middle District of North Carolina in December 2019 seeking a declaration as to its own duties to defend or indemnify Blue Ridge in the Underlying Lawsuit. (Id. at 7; Seneca Ins. Co. v. Blue Ridge Prop. Mgmt., LLC, No. 1:19cv1209-LCB-JLW.) Finally, Hanover contends that, because Blue Ridge has not withdrawn its request for coverage under the Insurance Policy, there is still a live controversy.

-19-

(Pl.'s Resp. (Doc. 59) at 6.) The court will address each of
these arguments in turn.

First, this court has already determined that regardless of
whether Hanover had a duty to defend, it is not entitled to
recoup any amounts spent defending Blue Ridge. See Part III.A.1.
Any argument to the contrary does not save Hanover's duty to
defend claim. Cf. Am. Cas. Co. of Reading, Pa. v. Superior
Pharm., LLC, 86 F. Supp. 3d 1307, 1311 (M.D. Fla. 2015) (finding
that an insurer's duty to defend claim was not moot because it
had reserved its right to seek reimbursement, which was allowed
under Florida law).

Second, regarding Seneca's involvement in the underlying
suit, the court finds this is not dispositive. Seneca retained
the same counsel Hanover had retained in the Underlying Lawsuit.
(Doc. 53-1 at 3.) Seneca has also filed its own declaratory
judgment action in this case. (See M.D.N.C. Docket No.
1:19cv1209-LCB-JLW.) However, it does not appear from the
evidence before the court that Defendant has withdrawn its
request for defense from Plaintiff. It is not "absolutely clear
that the allegedly wrongful behavior could not reasonably be
expected to recur," that is, it would not, in the court's view,
be unreasonable for Blue Ridge, should it get an unfavorable
duty to defend outcome in the Seneca case, to again request

-20-

defense services from Hanover. The court finds the dispute between Plaintiff and Defendant over the duty to defend is not moot.

Nevertheless, at this time, the court finds that this dispute is not "of sufficient immediacy and reality to warrant issuance of a declaratory judgment." <u>Volvo Constr. Equip.</u>, 386 F.3d at 592. Blue Ridge has not brought a counterclaim against Plaintiff, Hanover is not currently defending Blue Ridge, and there remains the possibility that the court deciding Seneca's duty to defend could rule that Seneca has a duty to defend, which would likely moot Plaintiff's duty to defend claim here. Accordingly, the court will exercise its discretion in declining to address this declaratory action at the present and will stay Plaintiff's duty to defend claim until such time as a decision is made in Seneca's suit in this district.

## B.   <u>Defendant Blue Ridge's Motion to Stay or Dismiss Plaintiff's Indemnity Claim</u>

Blue Ridge argues that Hanover's indemnity claim should be stayed. (Def.'s Br. (Doc. 54) at 15.) The court agrees. "A claim is not ripe for adjudication if it rests upon contingent future events that . . . may not occur at all." <u>Texas v. United States</u>, 523 U.S. 296, 300 (1998) (citations and internal quotation marks omitted). When evaluating the ripeness of a claim, courts look at "(1) the fitness of the issues for judicial decision and (2)

-21-

the hardship to the parties of withholding court consideration." Nat'l Park Hosp. Ass'n v. Dep't of Interior, 538 U.S. 803, 808 (2003). "The fitness considerations ask whether the issues are purely legal or require further factual development for resolution, while the hardship inquiry addresses the difficulty the parties will face if the court does not weigh in." Landmark Am. Ins. Co. v. Rural Cmty. Hosps. of Am., LLC, No. 5:15-CV-390-BO, 2015 WL 12860287, at *1 (E.D.N.C. Dec. 22, 2015) (internal citations omitted) (citing Nat'l Park Hosp. Ass'n, 538 U.S. at 813 and Toilet Goods Ass'n v. Gardner, 387 U.S. 158, 162 (1967)).

Courts have held that a duty to indemnify is generally resolved after the underlying lawsuit concludes. See, e.g., Trustgard Ins. Co. v. Collins, 942 F.3d 195, 200 (4th Cir. 2019) ("Thus, suits about the duty to indemnify — unlike the duty-to-defend suits — would ordinarily be advisory when the insured's liability remains undetermined."); Montgomery Mut. Ins. Co. v. Citadel Mgmt., LLC, No. 3:12-CV-00797-FDW, 2013 WL 6147778, at *6 (W.D.N.C. Nov. 22, 2013) (citing Harleysville Mut. Ins. Co., 364 N.C. at 7, 692 S.E.2d at 611 ("While an insurer's duty to defend may be determined upon commencement of the underlying action, its duty to indemnify cannot be determined until the conclusion of the case if necessary facts remain in dispute.").

And courts have reached different conclusions on the defense and indemnification questions in the same opinion early in cases. See Landmark Am. Ins. Co., 2015 WL 12860287, at *2; Medline Indus., Inc. v. Ram Med., Inc, 892 F. Supp. 2d 957, 965-66 (N.D. Ill. 2012).

However, the Fourth Circuit, applying North Carolina law, held that, "because the [applicable] exclusion precludes coverage, [plaintiff insurance company] has no duty to defend or indemnify" the defendant. Hartford Cas. Ins. Co. v. Davis & Gelshenen, LLP, 801 F. App'x 915, 917 (4th Cir. 2020) (emphasis added); see also Hartford Cas. Ins. Co. v. Ted A. Greve & Assocs., PA, 742 F. App'x 738, 741 (4th Cir. 2018) (holding that, because the underlying claims were not covered under the insurance policy at issue, the plaintiff insurance company had "no duty to defend or indemnify" the plaintiff); Van Laningham, 2020 WL 3470254, at *2 ("[O]nce the court finds that there is no duty to defend, then it must also find that there is no duty to indemnify; if there is no coverage when the alleged facts are accepted as true, there certainly won't be coverage when those same facts become subject to dispute."); N.C. Bureau Mut. Ins. Co., Inc. v. Phillips, 255 N.C. App. 758, 764, 805 S.E.2d 362, 366 (2017) ("Because the duty to defend may be broader than the

-23-

duty to indemnify we address the duty to defend because if it fails, so too does the duty to indemnify.").

In other words, if the court assumes all of the facts in a complaint are true, and those facts fail to allege a duty to defend, the court may also reach the conclusion that there is no duty to indemnify as well, based upon those facts. But see Westfield Ins. Co. v. Nautilus Ins. Co., 154 F. Supp. 3d 259, 271 (M.D.N.C. 2016) ("It is well established that the duty to defend, though broader than the duty to indemnify, is a distinct duty. While the reasons that may negate an insurer's duty to defend may also negate an insurer's duty to indemnify, the duty to defend does not subsume the duty to indemnify." (internal citations omitted)); Erie Ins. Exch. v. Builders Mut. Ins. Co., 227 N.C. App. 238, 245, 742 S.E.2d 803, 810 (2013) ("The duty to defend is broad and is independent of the duty to pay." (quoting Builders Mut. Ins. Co. v. Mitchell, 210 N.C. App. 657, 665, 709 S.E.2d 528, 534 (2011)).

Nonetheless, for the purposes of the instant motion, North Carolina law dictates that an insurer's duty to indemnify cannot be determined until the conclusion of the case if necessary facts remain in dispute. Harleysville Mut. Ins. Co., 364 N.C. at 7, 692 S.E.2d at 611; see also Peerless Ins. Co. v. Innovative Textiles, Inc., No. 1-19-CV-362, 2020 WL 137303, at *2 (M.D.N.C.

-24-

Jan. 13, 2020) (declining to hear the plaintiff's duty to indemnify claim because the plaintiff had not yet been found liable in the underlying lawsuit).

The underlying tort case against Blue Ridge is still pending. (See Def.'s Reply (Doc. 61) at 4.) The court will stay Hanover's duty to indemnify claim. Because this matter is unripe, the court will grant Defendant's motion to stay Plaintiff's duty to indemnify. See Westfield Ins. Co. v. Weaver Cooke Constr., LLC, No. 4:15-CV-169-BR, 2017 WL 818260, at *3 (E.D.N.C. Mar. 1, 2017) (staying the insurer's duty to indemnify claim until the underlying action was resolved); Nautilus Ins. Co. v. Strongwell Corp., 968 F. Supp. 2d 807, 821 (W.D. Va. 2013) (same).

C.    **Plaintiff's Motion for Summary Judgment**

Hanover argues that it has no duty to defend or indemnify Blue Ridge in connection with the underlying lawsuit due to the Policy exclusion for consumer protection claims ("Exclusion 11"). (Pl.'s Br. (Doc. 49) at 3.)

The court has already determined that Plaintiff's duty to defend claim is moot. See Part III.A.2. Thus, the court need not address that issue further.

The court has also determined that Plaintiff's duty to indemnify claim should be stayed pending resolution of the

-25-

Underlying Lawsuit. See Part III.B. Here, the Underlying Lawsuit has not been resolved as of August 2020; it remains to be seen if Blue Ridge will be held liable in North Carolina state court. Necessary facts therefore remain in dispute and the court will grant Blue Ridge's motion to stay Hanover's duty to indemnify claim; in event the ultimate factual findings in the Underlying Lawsuit suggest coverage is appropriate, the court will address Plaintiff's duty to indemnify.

IV.  **CONCLUSION**

For the reasons set forth above, the court finds that Plaintiff's Partial Motion for Summary Judgment will be denied, Defendant's Motion for Summary Judgment will be granted in part and denied in part, and Defendant's Motion to Stay or Dismiss Plaintiff's Indemnity Claim will be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's partial motion for summary judgment, (Doc. 48), is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's partial motion for summary judgment on Plaintiff's duty to defend claims, (Doc. 51), is **GRANTED IN PART AND DENIED IN PART** in that the motion is **GRANTED** as to Defendant's obligation to reimburse, and **DENIED** as to mootness.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay or Dismiss Plaintiff's Indemnity Claim, (Doc. 52), is **GRANTED.**

-26-

Plaintiff's duty to indemnify claim is **STAYED** until such time as
the Underlying Lawsuit is resolved.

This the 28th day of September, 2020.

_____
United States District Judge